UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| KIZVWANDA HOPKINS, | ) | | |
|---|---|---|---|
| | ) | | |
| Movant, | ) | | |
| | ) | | |
| v. | ) | Case No. | CV614-025 |
| | ) | | CR612-011 |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## REPORT AND RECOMMENDATION

Kizvwanda Hopkins moves for 28 U.S.C. § 2255 relief. Doc. 197. Pursuant to a plea agreement (doc. 166) under which the government agreed to drop one of two indictment counts, *id.* at 1, she pled guilty to "Conspiracy to defraud the Government by false claims," in violation of 18 U.S. § 286. CR612-011, doc. 162 at 1.[1] The Court sentenced her to 52 months in prison. *Id.* at 2; *see also* doc. 191 (denying her subsequent motion for early release); doc. 195 (denying her subsequent motion for a sentence reduction). The agreement called upon her to waive both

---

[1] All record citations are to the docket sheet for this criminal case. All pinpoint citations are to the page number assigned by the Court's electronic filing system to the upper right hand corner of each page.

the right to appeal the conviction and sentence and the right to collaterally attack the conviction and sentence in *any* post-conviction proceeding, including *not limited to* a § 2255 action, on *any* ground, EXCEPT that: the defendant may file a direct appeal of h[er] sentence if it exceeds the statutory maximum or if, by variance or departure, the sentencing court imposes a sentence higher than the advisory sentencing guideline range as found by the sentencing court. The government's right to appeal is not limited, BUT IF the government appeals the sentence imposed, the defendant may also file a direct appeal of the sentence.

Doc. 166 at 7 (emphasis added).[2]

In moving for § 2255 relief, Hopkins doesn't even acknowledge her waiver of the right to file this motion. Initially, she simply "laundry-listed" half of her claims, *see, e.g.*, doc. 197 at 8 (Ground Four: "Violation of Ex Post Facto Clause"), including those asserting ineffective assistance of counsel (IAC).[3] *Id.* at 10. She later filed a supporting brief,

---

[2] Hence, her sentence-reduction motion probably could have been denied on these grounds alone.

[3] "Those who seek habeas relief cannot simply laundry-list their claims and hope that the court will develop (hence, litigate) them on their behalf. *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir.1989) (no hearing required on claims "which are based on unsupported generalizations"); *Rodriguez v. United States*, 473 F.2d 1042, 1043 (5th Cir.1973) (no hearing required where petitioner alleged no facts to establish truth of his claims beyond bare conclusory allegations)." *Jeffcoat v. Brown*, 2014 WL 1319369 at * 8 (S.D. Ga. Mar. 27, 2014); *Bartley v. United States*, 2013 WL 6234694 at * 2-3 (S.D. Ga. Dec. 2, 2013) (§ 2255 claims bereft of argument and citation to the record may be denied on pleading-deficiency grounds alone); *see also Johnson v. Razdan*, 2014 WL 1689021 at * 2 (11th Cir. Apr. 30, 2014) ("Although *pro se* briefs are to be construed liberally, a *pro se* litigant who offers no substantive argument on an issue in his initial brief abandons that issue on appeal.").

2

doc. 202, but *none of her IAC claims challenge the voluntariness of her plea* -- an indispensable minimum needed to defeat a double waiver (of both the right to a direct appeal and the right to collaterally attack the conviction). *See Fulmer v. United States*, 2014 WL 1698880 at * 2 (S.D. Ga. Apr. 29, 2014); *McClendon v. United States*, ___ F. Supp. 2d ___, 2014 WL 358980 at * 2 (S.D. Ga. Mar. 10, 2014). Finally, Hopkins was sentenced within the statutory and sentencing guidelines range. PSI at 15 ¶¶54, 55. As in *Fulmer* and *McClendon*, which applied substantively identical double waivers, this § 2255 motion was dead on arrival and thus must be denied.

Kizvwanda Hopkins's 28 U.S.C. § 2255 motion (doc. 197) should be **DENIED**. Her time-extension motion (doc. 198) is **DENIED** as moot (she has already filed her § 2255 motion, to which the government does not object on timeliness grounds, doc. 200 at 1). Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009) (unpublished), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before

movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 15TH day of May, 2014.

_/s/ M. Smith_
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**